UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

FILED
MAR 31 2010
TERESA L. D[...]ER, CLERK
U.S. District Court
Southern District of West Virginia

IN RE:

SEIZURE WARRANT        MAGISTRATE NO. 2:10-mj-00032

MOTION TO SEAL/FILE REDACTED DOCUMENTS

Comes now the United States of America, by Monica K. Schwartz, Assistant United States Attorney for the Southern District of West Virginia, and moves this Court to seal the "Complete Patient Seizure List," the "Inventory Listing of All Items Seized at the Search Warrant Site," and the Affidavit in Support of the Application for a Search and Seizure Warrant and file a redacted copy of these documents in this matter. The basis for this motion is to prevent and/or minimize obstruction, witness tampering, and/or retaliation and also to protect sensitive and/or privileged patient information and/or drug treatment records restricted pursuant to 42 U.S.C. § 290dd-2(b)(2)(C).

The United States has an ongoing investigation involving individuals and entities named in the affidavit. The United States has executed numerous civil seizure warrants and criminal search warrants and has issued administrative subpoenas. Although the United States has recently seized cash in excess of $1,000,000.00 in the investigation, it is believed that the illegal activity involved generated in excess of $4,000,000.00. One of the

individuals who is the subject of the investigation, Dr. Katherine Hoover (M.D.), has, apparently, left the country.

At least one outstanding administrative subpoena seeks complete medical records and documents regarding individuals named in the "Court Testimony," "Witness Statements," and "Undercover Visits" sections of the affidavit.

Further, as set forth in paragraph 12 of the affidavit, at least one individual target of this investigation, Dr. Hoover, has a history of submitting false and/or altered documents in an attempt to influence and/or obstruct an investigation into her medical practice.

While certain medical records and documents have been seized and/or produced, certain administrative subpoenas are outstanding and/or carry an ongoing duty of disclosure.

As of late March 17, 2010, the United States received information confirming that responsive materials may exist in at least one location that was not previously anticipated or searched. It is believed that the materials may be under the control of an individual who has a previous federal conviction/criminal history and who is believed to be involved in and/or profiting from the instant criminal activity.

The undersigned Assistant United States Attorney and certain investigators in this matter handled the prosecution of Dr. Donald Kiser (D.O.) who is also mentioned in the affidavit. In that case, evidence was discovered indicating that Dr. Kiser and others acting

on his behalf, altered a patient's medical record in an effort to obstruct the United States investigation.

In this case, in particular, the United States submits that if the names of individuals in the "Court Testimony," "Witness Statements," and "Undercover Visits" sections are disclosed at this time, there is a significantly increased risk of obstruction. It would, for example, be much easier for additional "patient records" to be fabricated and provided in an attempt to obstruct the investigation if the targets thereof knew which "patients" and "undercovers" have provided evidence to the United States.

Retaliation is also a real concern. Given the significance of the medical practice at issue as a source of controlled substances for use by drug addicts and/or for illegal re-sale, and the enormous profits involved, the potential for retaliation against individuals named in the affidavit who provided information is of great concern to law enforcement and the United States, notwithstanding the fact that much of the information was given in the past.

If, at this time, targets of the investigation and/or drug users/abusers and sellers learn of the identity of witnesses who have, at least for the present, eliminated their source of supply for illegal drugs and enormous profits, the potential for obstruction and/or retaliation is great and outweighs the countervailing interests.

Moreover, the "Complete Patient Seizure List," the "Inventory Listing of All Items Seized at the Search Warrant Site," and the

Affidavit in Support of the Search and Seizure Warrant, all contain sensitive and/or privileged patient information, including some information which may be protected by 42 U.S.C. § 290dd-2(b)(2)(C), as drug treatment records.

WHEREFORE, the United States respectfully requests that the "Complete Patient Seizure List," the "Inventory Listing of All Items Seized at the Search Warrant Site," and the Affidavit in Support of the Application for a Search and Seizure Warrant, be sealed and that the attached, redacted copies be filed.

Respectfully Submitted,

CHARLES T. MILLER
United States Attorney

By: s/Monica K. Schwartz
MONICA K. SCHWARTZ  Bar Number: 4938
Assistant U.S. Attorney
P.O. Box 1713
Charleston, WV  25326
Telephone:  (304) 345-2200
Fax:  (304) 347-5104
E-mail: monica.schwartz@usdoj.gov