```
         UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF WEST VIRGINIA
                 AT CHARLESTON
```

**UNITED STATES OF AMERICA,**

       **Plaintiff**

v.                                    CIVIL ACTION NO. 2:10-1087

$88,029.08, MORE OR LESS,
IN UNITED STATES CURRENCY,

       **Defendant**

**IN THE MATTER OF THE SEIZURE
OF A 2007 BMW MODEL 3351 CONVERTIBLE
VIN #WBAWL73597PX50531**

                              MAGISTRATE CASE NO. 2:10-mj-00028

**IN THE MATTER OF THE SEIZURE
OF PROCEEDS ON DEPOSIT IN ACCOUNT
NOS. XXXXXX3002 AND XXXXXX7905,
WESBANCO BANK, WHEELING, WV,
IN THE NAME OF KATHERINE A. HOOVER**

                              MAGISTRATE CASE NO. 2:10-mj-00029

**IN THE MATTER OF THE SEARCH OF
MOUNTAIN MEDICAL CARE CENTER, LLC,
35 WEST THIRD AVENUE, WILLIAMSON,
MINGO CO., WEST VIRGINIA**

                              MAGISTRATE CASE NO. 2:10-mj-00032

**IN THE MATTER OF THE SEARCH OF
114 WEST SECOND AVENUE, AND ATTACHED
BUILDING, WILLIAMSON, MINGO CO., WV**

                              MAGISTRATE CASE NO. 2:10-mj-00033

**IN THE MATTER OF THE SEARCH OF
THE BEDROOM OF DR. KATHERINE A. HOOVER
LOCATED AT 110 WEST SECOND AVENUE,
WILLIAMSON, WV**

                              MAGISTRATE CASE NO. 2:10-mj-00035

IN THE MATTER OF THE SEARCH OF
THE PATIENT RECORDS LOCATED, ON
MARCH 2, 2010, IN A SAFE AT
35 WEST THIRD AVENUE, WILLIAMSON,
WEST VIRGINIA

                                                MAGISTRATE CASE NO. 2:10-mj-00037

## MEMORANDUM OPINION AND ORDER

Pending are motions in miscellaneous action number 2:10-mj-37 filed by Katherine A. Hoover, M.D., and John F. Tomasic, her spouse (1) for return of property (Docket #9), (2) for summary judgment (Docket #17), (3) for declaratory judgment (Docket #20), and (4) for default judgment (Docket #22) filed respectively on June 14, August 11, August 31, and October 12, 2010. Also pending are the following additional motions by Dr. Hoover and Mr. Tomasic in some of the above-styled civil actions:

| Motion | Case No. | Dck. |
|---|---|---|
| Request for Clarification of a November 8, 2010, Order (filed 11/12/2010). | 2:10-1087 | 19 |
| Request for Clarification of a November 8, 2010 Order and Motion for Summary Judgment (filed 12/03/2010). | 2:10-mj-28 | 22 |
| Request to Invalidate the Order of Mary Stanley and Grant Summary Judgment (filed 12/03/2010). | 2:10-mj-28 | 23 |
| Request for Clarification of a November 8, 2010 Order and Motion for Summary Judgment (filed 12/03/2010). | 2:10-mj-29 | 20 |
| Request to Invalidate the Order of Mary Stanley and Grant Summary Judgment (filed 12/03/2010). | 2:10-mj-29 | 21 |
| Request for Clarification of a November 8, 2010 Order and Motion for Summary Judgment (filed 12/03/2010). | 2:10-mj-32 | 25 |
| Request to invalidate the Order of Mary Stanley and Grant Summary Judgment (filed 12/03/2010). | 2:10-mj-32 | 26 |
| Request for Clarification of a November 8, 2010 Order and Motion for Summary Judgment (filed 12/03/2010). | 2:10-mj-35 | 20 |

| | | |
|---|---|---|
| Request to invalidate the Order of Mary Stanley and Grant Summary Judgment (filed 12/03/2010). | 2:10-mj-35 | 21 |
| Request for Clarification of a November 8, 2010 Order and Motion for Summary Judgment (filed 12/03/2010). | 2:10-mj-37 | 29 |
| Request to invalidate the Order of Mary Stanley and Grant Summary Judgment (filed 12/03/2010). | 2:10-mj-37 | 30 |

These actions were previously referred to Mary E. Stanley, United States Magistrate Judge, who has submitted her Proposed Findings and Recommendations ("PF&R") in miscellaneous action 2:10-mj-37 pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B).  The court has reviewed the PF&R entered by the magistrate judge on November 17, 2010.  The magistrate judge recommends that the motions for return of property, summary judgment, declaratory judgment, and default judgment in that miscellaneous action be denied.

As noted in the table, the December 3, 2010, "Request to Invalidate the Order of Mary Stanley and Grant Summary Judgment" ("request to invalidate") was filed in miscellaneous action numbers 2:10-mj-37, 2:10-mj-28, 2:10-mj-29, 2:10-mj-32, and 2:10-mj-35.  The same request to invalidate filed in miscellaneous action number 2:10-mj-37 is construed as Dr. Hoover's and Mr. Tomasic's objections to the PF&R entered therein.

The objections contend that the magistrate judge erred in exercising subject matter jurisdiction over the miscellaneous case. The contention rests on the mistaken assumption that the Vienna Convention, and the Constitution, prohibit the investigation of medical practices that prescribe controlled substances. The law is otherwise. Cf, e.g., Gonzales v. Raich, 545 U.S. 1, 5, 22 (2005) ("The question . . . is whether the power vested in Congress by Article I, § 8, of the Constitution "[t]o make all Laws which shall be necessary and proper for carrying into Execution" its authority to "regulate Commerce with foreign Nations, and among the several States" includes the power to prohibit the local cultivation and use of marijuana in compliance with California law. . . . [W]e have no difficulty concluding that Congress had a rational basis for believing that failure to regulate the intrastate manufacture and possession of marijuana would leave a gaping hole in the" Controlled Substances Act.).

Based upon the foregoing discussion, the court ORDERS as follows:

1. That the aforementioned PF&R be, and it hereby is, adopted and incorporated herein;

2. That the motions for return of property, summary judgment, declaratory judgment, and default judgment in

      miscellaneous action number 2:10-mj-37 be, and they hereby are, denied; and

3.    That the companion requests to invalidate filed in miscellaneous action numbers 2:10-mj-28, 2:10-mj-29, 2:10-mj-32, and 2:10-mj-35 be, and they hereby are, denied.

Respecting the Request for Clarification of a November 8, 2010, Order and Motion for Summary Judgment ("request for clarification and summary judgment") filed in miscellaneous action numbers 2:10-mj-28, 2:10-mj-29, 2:10-mj-32, 2:10-mj-35, and 2:10-mj-37, Dr. Hoover and Mr. Tomasic assert that the magistrate judge must recuse herself from participating in the referred actions.[1] The request appears based upon the fact that the magistrate judge "signed the search and seizure warrants [and] she all ready [sic] has personal knowledge of disputed facts" in these cases. (Req. for Clarif. and Summ. Jgt. at 2). The Supreme Court noted as follows in <u>Liteky v. United States</u>, 510 U.S. 540 (1994):

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of

---

[1] The requests for clarification and summary judgment also raise the subject matter jurisdiction contention rejected earlier.

>themselves . . . they cannot possibly show reliance
>upon an extrajudicial source; and can only in the
>rarest circumstances evidence the degree of favoritism
>or antagonism required . . . when no extrajudicial
>source is involved. Almost invariably, they are proper
>grounds for appeal, not for recusal. Second, opinions
>formed by the judge on the basis of facts introduced or
>events occurring in the course of the current
>proceedings, or of prior proceedings, do not constitute
>a basis for a bias or partiality motion unless they
>display a deep-seated favoritism or antagonism that
>would make fair judgment impossible. Thus, judicial
>remarks during the course of a trial that are critical
>or disapproving of, or even hostile to, counsel, the
>parties, or their cases, ordinarily do not support a
>bias or partiality challenge. They may do so if they
>reveal an opinion that derives from an extrajudicial
>source; and they will do so if they reveal such a high
>degree of favoritism or antagonism as to make fair
>judgment impossible.

Id. at 555 (citations omitted).  Based upon Liteky, recusal is unwarranted.[2]

The Clerk is directed to provide a copy of this memorandum opinion and order to the United States Magistrate Judge, Monica K. Schwartz, Assistant United States Attorney, and,

---

[2]The Request for Clarification of a November 8, 2010, Order ("request for clarification") filed in civil action 2:10-1087 bases its recusal request on a slightly different ground, namely, that "[t]he law and evidence presented [in the miscellaneous cases] would eliminate immunity for Judge Stanley . . . ." ((Req. for Clarific. at 2).  The question of judicial immunity is not presented in either civil action 2:10-1087 or the referenced miscellaneous cases.  The contention is thus meritless.  The court, accordingly, ORDERS that the request for clarification be, and it hereby is, denied.

**additionally, to Dr. Hoover and Mr. Tomasic, via fax transmission to 242-328-4014 or, alternatively, by Federal Express.**

          **ENTER:   December 16, 2010**

          */s/ John T. Copenhaver, Jr.*
          **John T. Copenhaver, Jr.**
          **United States District Judge**